ALEX G. TSE (CABN 152348)
Acting United States Attorney
THOMAS MOORE (ALBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
CYNTHIA L. STIER (DCBN 423256)
Assistant United States Attorney
    11th Floor Federal Building
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone:  (415) 436-7000
    Fax:  (415) 436-7009

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN SPOTTISWOOD and NANCY MIYASAKI,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 17-CV-00209-MEJ<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT<br><br>Judge: Hon. Maria-Elena James<br>Date:  March 1, 2018<br>Time:  10:00 a.m. |

    Defendant, United States of America, submits the following Memorandum of Law In Support of its Motion for Summary Judgment.

## I. STATEMENT OF UNDISPUTED FACTS

    1.    Plaintiff, John Spottiswood (hereinafter John Spottiswood), prepared a joint federal income tax return with his wife, Plaintiff Nancy Miyasaki, for the 2012 tax year using TurboTax, a consumer tax software.  Complaint ¶ 5.

    2.    John Spottiswood incorrectly reported the social security number for a dependent on the joint 2012 Form 1040 that he transmitted to TurboTax on April 12, 2013 to be electronically submitted to the IRS for electronic filing.  Complaint ¶¶ 6, 7; Exhibits A and B to Complaint.

3.   On April 12, 2013, the IRS rejected Plaintiffs' 2012 joint Form 1040 for electronic filing. Complaint ¶ 6, 7; Exhibits A and B to Complaint.

4.   The IRS notified TurboTax the Form 1040 had been rejected for electronic filing due to an error - the dependent's Social Security number and last name do not match IRS records. Complaint, ¶ 7; Exhibit B to Complaint.

5.   On April 12, 2013, TurboTax sent an email to John Spottiswood notifying him the IRS had rejected the 2012 joint federal income tax return with error R0000-504-02, meaning that the dependent's Social Security number and last name return do not match what the IRS has in its records. Exhibit 1, Declaration of Larry John Raab.

6.   Plaintiffs incorrectly allege that TurboTax had not emailed them about the e-filing rejection (Complaint ¶ 8). At his deposition, Plaintiff John Spottiswood testified that it is possible that an e-mail could have been forwarded. Exhibit 2, Deposition of John Spottiswood ("Spottiswood Deposition"), p. 57, lines 11-16.

7.   TurboTax provided Plaintiffs access to "check e-file status" for the 2012 joint Form 1040 as of April 12, 2013. John Spottiswood did not check the "check e-file status" until approximately eighteen months later. The TurboTax notification provided the following notice:

- Rejected: Return reviewed
  After fixing your errors, we'll help you file your return again.

- Verify Dependent's Social Security Number. The Social Security number or the last name does not match what the IRS has in their records.

- Rejection error R0000-504-02: Dependant's Social Security number or name doesn't match.

Exhibit B to Complaint.

8.   Plaintiff John Spottiswood recalls his first notification that the 2012 joint Form 1040 had not been electronically filed with the IRS on either January 7, 2015, or November 2016. Complaint ¶ 16; Exhibit 2, Spottiswood Deposition, p. 62, lines 1-11.

9.   John Spottiswood provided the following statement to the IRS:

> When I was investigating the issue, I discovered the following by logging back into my Turbo Tax 2012 software. First, I discovered that my return, which I thought had been successfully e-filed, had actually been rejected. If I had realized that there was a chance

Memorandum Of Law In Support of Motion
For Summary Judgment; No. C-17-0209-MEJ            2

> of rejection I would have mailed in my return, but e-filing seemed like an easier option and it was free with the software. Intuit may have informed me in the fine print that I needed to log back in to make sure that my return had not been rejected, bit if so I did not read this fine print. Had I logged back in a few days later I would have realized that the return had been rejected. But I did not log back in until 18 months later.
>
> Letter from John Spottiswood to IRS with submission date of April 27, 2015, p. 1, ¶ 6, Exhibit 3A, Declaration of Cynthia Stier in Support of Motion for Summary Judgment; See also Exhibit 1 to Spottiswood Deposition.

10. Plaintiff John Spottiswood prepared his joint 2012 California State Income Tax Return using TurboTax but did not electronically file the 2012 state tax return. Rather, Plaintiffs used the U.S. mail to file their 2012 state income tax return. Spottiswood Deposition, p.11, lines 5-20; p. 12, lines 7-9.

11. In their Claim for Refund [Form 843], Plaintiffs request that the IRS abate the penalties based, in part, on their representation that their 2012 state tax return had been electronically filed using TurboTax without issue. Claim for Refund, pp. 1 (signature under penalty of perjury). Claim for Refund is Exhibit 3B to Stier Declaration. Plaintiff John Spottiswood contradicted this representation at his deposition when he testified that he did not even attempt to electronically file his 2012 state tax return using TurboTax. Spottiswood Deposition, p. 12, lines 7-18.

12. On their 2012 joint federal income tax return, Plaintiffs report owing $395,619 in federal income taxes and paid that amount on January 7, 2015, the date that their 2012 joint federal income tax return was filed with the IRS. Exhibit 4, Certificate of Assessments and Payments.

13. Plaintiffs failed to notice that $395,619 had not been withdrawn from their Bank of America bank account because they had an unusually high bank account balance. Complaint ¶ 15.

14. Plaintiffs filed their 2012 joint Form 1040 on January 7, 2015, and paid the $395,619 in income tax liability in full. Exhibit 4.

15. On February 16, 2015, the IRS assessed a late filing penalty of $89,014.27, a penalty for failure to pay of $41,539.99, and interest thereon. Exhibit 4.

16. Plaintiffs' refund suit seeks abatement and a refund of the penalties for late filing and failure to pay and any interest on those penalties. Plaintiffs do not contest any other penalty or interest assessed.

//

17. On January 17, 2017, Plaintiffs filed this action seeking refund of the assessed penalties for failure to file the 2012 Form 1040 and to pay the tax thereon, and for any interest attributable to those penalties.

## DISCUSSION

### A.   Standard for Motion for Summary Judgment

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)).  A party moving for summary judgment who does not have the ultimate burden of persuasion at trial, must produce evidence which either negates an essential element of the non-moving party's claims or shows that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000). A party who moves for summary judgment who does bear the burden of proof at trial, must produce evidence that would entitle him or her to a directed verdict if the evidence went uncontroverted at trial. C.A.R. Transp. Brokerage Co., Inc. v. Darden, 213 F.3d 474, 480 (9th Cir. 2000).

Once the moving party meets his or her initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting Richards v. Combined Ins. Co., 55 F.3d 247, 251 (7th Cir. 1995)). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323.

An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. Id. at 248.

Here, there is no genuine issue of material fact.  What is in dispute is not the underlying facts, but rather, the *legal conclusion* drawn from those facts. Ultimately, legal conclusions from uncontroverted facts are to be made by the court on motion for summary judgment. See generally Celotex, 417 U.S. at 317;

Nissan Fire, 210 F.3d at 1099. As argued below, there is no genuine issue of material fact before this Court. Both the United States and Plaintiffs have put forward uncontroverted facts; what remains in controversy for adjudication is the legal conclusion drawn from those facts. Hence, based on the clear standard set forth in Fed. R. Civ. P. 56 and by the Supreme Court in Celotex, summary judgment is proper as there are no genuine issues of material fact.

B. Analysis

<u>Plaintiffs' Failure To Timely File Their 2012 Joint Form 1040 And Pay The Tax Was Due To Willful Neglect And Not Reasonable Cause.</u>

26 U.S.C. § 6651(a) imposes a penalty for failure to timely file a tax return, unless the taxpayer shows the such failure was the result of "neither carelessness, reckless indifference, nor intentional failure." United States v. Boyle, 469 U.S. 241, 245 (1985). To meet the heavy burden of showing "reasonable cause" for failure to timely file a return, a taxpayers must demonstrate that he "exercised ordinary business care and prudence [but] was unable to file the return within the prescribed time." Boyle, 469 U.S. at 244 (citing 26 C.F.R. § 301.6651-1(c)(1).[1] Even when a taxpayer has retained another person to file his return, the ultimate responsibility to make certain the return is timely filed belongs to the taxpayer. Id.. at 251-52. As the Supreme Court observed in Boyle:

> [O]ne does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due …. It requires no special training or effort to ascertain a deadline and make sure that it is met. The failure to make a timely filing of a tax return is not excused by the taxpayer's reliance on an agent, and such reliance is not 'reasonable cause' for a late filing.

Boyle, 469 US at 252.

Reasonable cause may exist when a taxpayer relies on the "erroneous advice of counsel concerning a question of law." Id. At 250; Baccei v. United States, 632 F.3d 1140 (9th Cir. 2011). In the case at bar, Plaintiffs do not allege they were misled by erroneous legal advice, or that they were physically unable to timely file their Form 1040. Rather, they allege that they exercised reasonable care in filing their tax return because they had no knowledge their 2012 joint Form 1040 was rejected for

---

[1] There is no reason to distinguish between reasonable cause for the failure to timely file a return and reasonable cause to timely pay the tax. Baccei v. United States, 632 F.3d 1140, 1148, (9th Cir. 2011).

Memorandum Of Law In Support of Motion
For Summary Judgment; No. C-17-0209-MEJ          5

filing by the IRS until November 2014 or January 7, 2015. However, the undisputed evidence Plaintiffs' ability to ascertain the filing status by checking notifications from TurboTax, or to check their bank account. Plaintiffs did neither. Plaintiffs' lack of reasonable care is evidenced by their failure to check TurboTax and/or their bank account. Moreover, Plaintiffs mislead the IRS by requesting an abatement of penalties based in part on their erroneous statement that 2012 state tax return had been e-filed through TurboTax without an issue, when in fact it had been sent by U.S. mail.

Plaintiffs contend they exercised the same ordinary business care and prudence as any normal taxpayer because TurboTax did not notify them of the e-filing rejection. However, the evidence shows that Plaintiffs failed to exercise ordinary business care to locate an email from TurboTax notifying them of the rejection, check the filing status on their TurboTax account, or check their bank account to determine if their significant tax payment had been made. It is not ordinary business care and prudence to lack knowledge because you didn't review notifications that were readily available. These facts do not support a finding of reasonable cause. Plaintiffs' allegations do not rise to the level of circumstances beyond their control such as erroneous advice, disability, infirmity, or incapacity.

I. <u>Plaintiffs return was not timely filed because electronically returns are considered filed when they are accepted by the IRS, not rejected.</u>

"[A]n electronically filed return is not considered filed until the electronic portion of the tax return has been acknowledged by the Service as accepted for processing." Rev. Proc. 98-51, 1998 (1998). "If the electronic portion of a return is transmitted on or shortly before the due date and is ultimately rejected, but the taxpayer complies with section 5.18 of this revenue procedure, the return will be deemed timely filed." Rev. Proc. 98-51 (1998).

In the case at bar, the electronically filed return was never accepted by the IRS. Although, Treasury Regulation 26 C.F.R. 301.7502-1(d)(1) provides that an e-filed document is deemed to be filed on the date of the electronic postmark, here, the attempted electronically filed return was never filed because it was rejected by the IRS. If it had been accepted, it would have received an electronic postmark. However, the defective electronically filed return was rejected. Thus, the electronically filed return was not considered filed and did not receive an electronic postmark.

In <u>Haynes v. United States</u>, Case No. 16-112 (W.D. Texas 2017), currently on appeal, taxpayers' Certified Public Accountant (CPA) attempted to electronically file a Form 1040 using Lacerte, a tax preparation software program. The IRS rejected the return as defective because Plaintiffs' social security number had mistakenly been reported on the line designated for the employer identification number. The IRS assessed a penalty for late filing. Plaintiffs argued, among other things, that a defective return electronically transmitted to the IRS but not accepted by the IRS for filing is still a filed tax return because the electronic transmission is akin to sending a paper return by mail. The *Haynes* court, citing Rev. Proc., 98-51, 1998-2 C.B. 380 (1998), rejected this argument because the Rev. Proc. provides that an electronically filed return is not considered filed until it has been acknowledged by the IRS as accepted for processing. Similar to the facts in *Haynes*, Plaintiffs' 2012 Form 1040 was not accepted. Should Plaintiffs argues that the electronic transmission of their return to the IRS should be deemed a timely filing, similar to the analysis in *Haynes*, the mere transmission of the return to the IRS does not equate to timely filing.

C.     Conclusion

In summary, the mistake made by Plaintiffs does not rise to the level of ordinary business care and prudence. Moreover, the transmission of the 2012 joint federal income tax return was never accepted by the IRS for processing and cannot be deemed filed. Plaintiffs failed to check their notifications from TurboTax, admit that they did not read the "fine print" from TurboTax which may have informed them to check the filing status, failed to check their abnormally high bank account to determine if their taxes had been paid. The IRS properly informed the third party intermediary, TurboTax, that the return had not been accepted for filing and TurboTax immediately provided the information to Plaintiffs in an accessible form.

Respectfully submitted,

ALEX G. TSE
Acting United States Attorney

/s/ Cynthia Stier
CYNTHIA STIER
Assistant United States Attorney