UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SPOTTISWOOD,<br>　　　　Plaintiff,<br>　　v.<br>UNITED STATES,<br>　　　　Defendant. | Case No. 17-cv-00209-MEJ<br><br>**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 16, 18 |

## INTRODUCTION

Plaintiffs John Spottiswood and Nancy Miyasaki seek an abatement and refund of penalties for the late filing and failure to pay their 2012 federal taxes. *See* Compl., Dkt. No. 1. Pending before the Court are the parties' cross-motions for summary judgment. *See* Dkt. Nos. 16-17 (Gov. Mot. & Mem.); Dkt. Nos. 18-19 (Pls.' Mot. & Mem.); Dkt. No. 20 (Gov. Reply). The Court ordered the parties to be prepared to discuss several issues at the April 19, 2018 hearing on their cross-motions, and the parties submitted additional concise briefing addressing the Court's points. *See* Prep. Order, Dkt. No. 25; Gov.'s Resp., Dkt. No. 26; Pls.' Resp., Dkt. No. 27.

Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** the Government's Motion and **DENIES** Plaintiffs' Motion for the following reasons.

## UNDISPUTED MATERIAL FACTS

The following facts are undisputed (*see* Gov. Mem.; Pls.' Mem.):

In 2013, Plaintiff Spottiswood prepared a joint federal income tax return for himself and his wife, Plaintiff Miyasaki, for the 2012 tax year using TurboTax, a consumer tax software. On that return, Spottiswood made a mistake when inputting a dependent's Social Security number.

The 2012 joint Form 1040 containing that error was transmitted to TurboTax on or about April 12, 2013 to be electronically submitted to the IRS for electronic filing.

On April 12, 2013, the IRS rejected Plaintiffs' 2012 joint Form 1040 for electronic filing. That day, the IRS notified TurboTax the Form 1040 had been rejected for electronic filing due to an error: the dependent's Social Security number and last name did not match IRS records.

On or about April 12, 2013, TurboTax sent an email to Spottiswood notifying him the IRS had rejected the 2012 joint federal income tax return with error R0000-504-02, meaning that the dependent's Social Security number and last name on the return did not match what the IRS has in its records.

Within the TurboTax software, there was a "check e-file status" screen for the 2012 joint Form 1040. Spottiswood did not check the "check e-file status" until many months later. The notification provided notice that the return had been rejected because a dependent's Social Security number or last name did not match what the IRS had in its records.

Spottiswood submitted a statement to the IRS on April 27, 2015, in which he stated:

> When I was investigating the issue, I discovered the following by logging back into my Turbo Tax 2012 software. [] I discovered that my return, which I thought had been successfully e-filed, had actually been rejected. If I had realized that there was a chance of rejection I would have mailed in my return, but e-filing seemed like an easier option and it was free with the software. Intuit may have informed me in the fine print that I needed to log back in to make sure that my return had not been rejected, but if so I did not read this fine print. Had I logged back in a few days later I would have realized that the return had been rejected. But I did not log back in until 18 months later.

Spottiswood also prepared a joint 2012 California State Income Tax Return for himself and his wife using TurboTax but did not electronically file the 2012 state tax return. Rather, he used the U.S. mail.

Plaintiffs filed an abatement request with the IRS in August 2016. The request was prepared by their attorney and filed via IRS Form 843. In the statement attached to that request, a representation was made that Plaintiffs' 2012 state tax return had been electronically filed using TurboTax without issue. This representation was not accurate.

On their 2012 joint federal income tax return, Plaintiffs reported owing $395,619 in federal

2

income taxes. Plaintiffs failed to notice that $395,619 had not been withdrawn from their Bank of America checking account because they had an unusually high account balance.

Plaintiffs filed their 2012 joint Form 1040 on January 7, 2015, and paid the $395,619 in income tax liability in full. On February 16, 2015, the IRS assessed a late filing penalty of $89,014.27; a penalty for late payment of tax in the amount of $41,539.99; and $26,216.81 in interest for late payment.

Plaintiffs paid the interest on the late payment, but seek abatement of the two penalties imposed by the IRS for the late filing of their tax return, and for the late payment of their taxes.

**LEGAL STANDARD**

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 324-25.

If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 250. All reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004). However, it is not the task of the Court to scour the record in search of a genuine issue of

3

triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The Court "rel[ies] on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Id.*; *see also Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010). Thus, "[t]he district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). If the nonmoving party fails to make this showing, "the moving party is entitled to a judgment as a matter of law." *Celotex*, 477 U.S. at 322 (internal quotations omitted).

Additionally, at the summary judgment stage, parties must set out facts they will be able to prove at trial. At this stage, courts "do not focus on the admissibility of the evidence's form . . . . [but] instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003) (citation omitted). "While the evidence presented at the summary judgment stage does not yet need to be in a form that would be admissible at trial, the proponent must set out facts that it will be able to prove through admissible evidence." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010) (citations omitted). Accordingly, "[t]o survive summary judgment, a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56." *Block v. City of L.A.*, 253 F.3d 410, 418-19 (9th Cir. 2001); *Celotex*, 477 U.S. at 324 (a party need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment."); *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.").

**DISCUSSION**

The Government may impose a penalty for failing to timely file a return, and a separate and additional penalty for failing to timely pay taxes owed, "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1)-(2). "Reasonable cause" does not include "carelessness, reckless indifference, nor intentional failure." *United States v. Boyle*, 469 U.S. 241, 245 (1985). Taxpayers seeking abatement of these penalties bear

4

the burden of showing they "exercised ordinary business care and prudence [but were] unable to file the return within the prescribed time." *Id.* at 244. The same standard applies whether taxpayers seek abatement of the late-filing or the late-payment penalties. *See Baccei v. United States*, 632 F.3d 1140, 1148 (9th Cir. 2011); *see also* IRC § 6651(a)(1); Treas. Reg. § 301.6651-1(c)(1) (implementing regulations defining "ordinary business care and prudence" as having "made reasonable efforts to conserve sufficient assets in marketable form to satisfy his tax liability and nevertheless was unable to pay all or a portion of the tax when it became due.").

Plaintiffs initially argued both the late payment and the late filing penalties the IRS imposed upon them should be abated. *See* Pls.' Mem.

**A.     Abatement of Late Payment Penalty**

Plaintiffs admit Spottiswood's conduct after submitting his 2012 return via TurboTax was "generally not in keeping with the [applicable] reasonable cause standard." Pls.' Mem. at 5 (citing *Boyle*). They concede that they should be held liable for the late payment penalty. Pls.' Resp. ¶ 4; *see also* Apr. 19, 2018 FTR at 10:14 (Plaintiffs' counsel stating, "I think that they should be subject to the late payment penalty; . . . based on the conduct I think that's totally appropriate. So it's really just the late filing penalty that we are disputing, and any other penalties other than that would be appropriate. . . .). Accordingly, there is no triable issue that Plaintiffs are liable for the late payment penalty and any associated interest.

**B.     Abatement of Late Filing Penalty**

1.     Whether 2012 Tax Return Was Timely Filed

Plaintiffs' theory of the case is that the document they submitted to the IRS in 2013 should not have been rejected because it qualified as a tax return. *See* Pls.' Mem.

A document is sufficient to be considered a tax return if it: (1) is sufficient to calculate the tax liability; (2) purports to be a return; (3) evinces an honest and reasonable attempt to satisfy the requirements of tax law; and (4) is executed by the taxpayer under penalty of perjury. Pls.' Mem. at 7 (citing *Beard v. Comm'r*, 82 T.C. 766, 777 (1984) (articulating "[t]he Supreme Court test to determine whether a document is sufficient for statute of limitations purposes")).

While it is undisputed the IRS rejected the document Plaintiffs submitted in 2013 due to

Plaintiffs' error in inputting a dependent's Social Security number, Plaintiffs argue the document met all of the *Beard* requirements, and as such should have been accepted for filing. Pls.' Mem. at 5-9.[1] Plaintiffs argue that the IRS would have accepted a paper-filed return containing the same error, and that the IRS unlawfully applied a more stringent standard to their electronically-submitted return. Pls.' Mem. at 7-8. Plaintiffs' only support for this argument is a document entitled "Internal Revenue Manual Part 3. Submission Processing Chapter 11. Returns and Documents Analysis Section 3. Individual Income Tax Returns." *See* Pls.' Opp'n at 1 ("Plaintiffs submit Exhibits 1 through 3"); *id.*, Ex. 2. This document is not authenticated, and Plaintiffs establish no foundation for the document. The document shows a transmittal date of November 17, 2017, and Plaintiffs do not establish any foundation showing the IRS followed the procedures described therein when Plaintiffs attempted to submit their tax return more than four years prior to that date. Plaintiffs also establish no foundation to show their interpretation of the procedures described in the document is correct. Plaintiffs fail to create a triable issue that the same mistake contained in their submission would have been treated differently if it had been presented as a paper filing, and that the IRS' rejection of their submission because it contained an erroneous Social Security number was not lawful.

The IRS rejected their filing because it contained an error; the IRS thus could not calculate Plaintiffs' tax liability. Plaintiffs fail to create a triable issue that they timely filed their 2012 tax return.

---

[1] Plaintiffs' assertion that the document "contained sufficient data to calculate the couple's tax liability" (Pls.' Mem. at 7) is purely conclusory. Their support for this argument is based entirely on an unauthenticated copy of a document faxed by the IRS to an unidentified recipient on May 23, 2016. *Id.* (citing Pls.' Opp'n at 1 ("Plaintiffs submit Exhibits 1 through 3"); *id.*, Ex. 1). Plaintiffs do not set out facts showing the document is a true and correct copy of the data they submitted to the IRS in 2013; indeed, it does not appear to be, given that the document displays information received on January 26, 2015. *See, e.g.*, Pls.' Opp'n, Ex. 1, passim ("TRDB-DT-RCVD:2015-01-26"). Nor do they set out facts showing the information contained in this document would be sufficient to calculate their tax liability. They thus have not created a triable issue of fact that the document they attempted to submit to the IRS in 2013 qualifies as a tax return under *Beard*, such that the IRS should have accepted it for filing under their theory of the case. The United States does not actually challenge this point, arguing only that the first *Beard* factor was not met because the IRS could not calculate Plaintiffs' tax liability because the return had not been accepted for filing. Def.'s Reply at 4.

### 2. Whether Plaintiffs Established Good Cause For Untimely Filing

The IRS rejected Plaintiffs' return the same day they attempted to file it, and TurboTax informed Plaintiffs of this fact on or about the same day – April 12, 2013. It is undisputed that Plaintiffs did not use the "check e-file status" TurboTax screen to confirm the IRS had accepted their return, and did not check the email account Spottiswood provided to TurboTax for the purpose of communicating with him about his tax return. Plaintiffs do not identify any facts showing they could not have done so. Under these circumstances, the Court cannot find that Plaintiffs have created a triable issue that there was reasonable cause for their failure to timely file their taxes. *See Boyle*, 469 U.S. at 245.

As such, there is no triable issue of fact that Plaintiffs are liable for a penalty for late filing of their 2012 tax return and associated interest.

## CONCLUSION

Based on the analysis above, the Court finds the Government has met its burden of showing no triable issues of fact exist whether Plaintiffs timely filed their 2012 federal tax return, or whether they timely paid the taxes showed as owing on that return. Plaintiffs have not created a triable issue of fact that the document they submitted in 2013 should have been accepted as a tax return, or that they had reasonable cause for failing to timely file their 2012 federal tax return or pay the taxes owed that year. The Court accordingly **GRANTS** the Government's Motion for Summary Judgment and **DENIES** Plaintiffs' Motion for Summary Judgment.

The Court will enter a separate judgment in favor of the United States, and will direct the Clerk of the Court to close the file.

**IT IS SO ORDERED.**

Dated: April 24, 2018

_____
MARIA-ELENA JAMES
United States Magistrate Judge